**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____

DEJUAN LUMPKINS,

                    Petitioner,

v.                                                    Case No. 3:21-cv-10840

RANDEE REWERTS,

                    Respondent.

_____/

**ORDER DENYING PETITIONER'S MOTION TO EXPAND THE TIME TO FILE A**
**HABEAS CORPUS PETITION AND DISMISSING THIS CASE WITHOUT PREJUDICE**

Petitioner DeJuan Lumpkins, acting *pro se*, commenced this habeas corpus

action by filing a motion to expand the time to file a habeas corpus petition.  (ECF No.

1.)   The motion is not a proper way to start a federal habeas corpus action, and

Petitioner did not pay the filing fee for this action, nor apply in the proper manner for

leave to proceed *in forma pauperis*.  He also did not comply with the Magistrate Judge's

deficiency order, and he has several months in which to file a habeas petition before the

statute of limitations expires.  Accordingly, the court will deny Petitioner's pending

motion and dismiss his case without prejudice.

**I.  BACKGROUND**

Petitioner alleges in his motion for an extension of time that the Michigan

Supreme Court denied his appeal at a time when the law library in the prison where he

is incarcerated was closed due to the COVID-19 pandemic.  *Id*. at PageID.1.  Petitioner

contends that the closure of the law library prevented him from doing any research on

his issues.  *Id*. at PageID.2.  He also contends that he is not well-versed in the law and

that he will have to seek help in filing a habeas petition.  *Id*.  He would like the court to extend the time to file a habeas petition until the pandemic restrictions in prison are lifted.  *Id*.

The Clerk's Office treated Petitioner's motion as a habeas corpus petition for purposes of commencing this action, but Petitioner did not pay the filing fee or file a proper application for permission to proceed *in forma pauperis*.  He merely stated in his motion for an extension of time that he had no income or assets to offset the fee and that he wanted the court to waive the fee until he could file a proper habeas petition.  *Id*.

Because Petitioner's brief affidavit of indigence was inadequate, Magistrate Judge R. Steven Whalen ordered Petitioner on April 22, 2021, to submit either the $5.00 filing fee or a signed and completed application to proceed *in forma pauperis* within twenty-one days of his order.  (ECF No. 3.)  Although Magistrate Judge Whalen warned Petitioner that failure to comply with his order could result in the dismissal of this action, Petitioner has not responded to Magistrate Judge Whalen's order.

## II. DISCUSSION

A party's failure to prosecute an action or to comply with a court order is a basis for dismissing a civil action.  *See* Fed. R. Civ. P. 41(b) (Involuntary Dismissal); LR 41.2 (Dismissal for Lack of Subject Matter Jurisdiction or Failure to Prosecute).  Accordingly, "when circumstances make such action appropriate, a District Court may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so or providing an adversary hearing before acting."  *Link v. Wabash R.R. Co.,* 370 U.S. 626, 633 (1962).  Petitioner failed to pay the filing fee or to apply in the proper manner for

2

permission to proceed *in forma pauperis*, and he did not comply with Magistrate Judge Whalen's order when the procedural deficiency was brought to his attention.

Furthermore, "a habeas suit begins with the filing of an application for habeas corpus relief." *Woodford v. Garceau*, 538 U.S. 202, 208 (2003). Although the Clerk's Office treated Petitioner's motion for an extension of time as a habeas petition when the motion was filed, the motion did not ask for relief from a state-court judgment or specify any grounds for relief, with supporting facts, as required by Habeas Rules 2(b), 2(c)(1), and (2)(c)(2). "Article III of the U.S. Constitution empowers federal courts to hear 'Cases' or 'Controversies,' nothing more," *United States v. Asakevich*, 810 F.3d 418, 420 (6th Cir. 2016), and "no case or controversy generally exists before an actual § 2254 petition is filed." *United States v. Thomas*, 713 F.3d 165, 168 (3d Cir. 2013).

Petitioner may have a legitimate concern about not having his future claims barred by the one-year statute of limitations, 28 U.S.C. § 2244(d). But granting Petitioner's motion to expand the time for filing a habeas corpus petition would amount to an advisory opinion that a habeas petition would be accepted as timely if Petitioner filed a petition. "[F]ederal courts have no license to issue advisory opinions," and they do not "offer advisory opinions about what they might do *if* an action were filed." *Asakevich*, 810 F.3d at 420 (emphasis in original). To create an Article III controversy and obtain more than an advisory opinion, Petitioner needed to file an actual habeas petition. *See id*. at 423.

Even if Petitioner had filed a habeas petition with his motion, he does not appear to be in any immediate danger of having a future habeas corpus petition barred by the one-year statute of limitations, because he states that the Michigan Supreme Court

3

issued its decision in his criminal case on December 22, 2020.  (ECF No. 1, PageID.1.)

The habeas corpus statute of limitations ordinarily begins to run on "the date on which

the judgment became final by the conclusion of direct review or the expiration of the

time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).

        In cases where the petitioner did not pursue direct review all the way to the

Supreme Court, the judgment becomes final when the time for pursuing direct review in

the Supreme Court or in state court expires.  *Gonzalez v. Thaler*, 565 U.S. 134, 150

(2012); *see also Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009) (stating that, under

28 U.S.C. § 2244(d)(1)(A), "direct review" of a habeas petitioner's conviction concludes

when the availability of direct appeal to the state courts and to the United States

Supreme Court has been exhausted).  A petition for a writ of certiorari to review the

judgment of a state court of last review must be filed in the United States Supreme

Court no later than ninety days after entry of the judgment.  Sup. Ct. R. 13.1.  This

means that, unless Petitioner filed a petition for the writ of certiorari in the United States

Supreme Court, the statute of limitations in this case did not begin to run until March 22,

2021, ninety days after the Michigan Supreme Court denied leave to appeal.  Petitioner

appears to have one year from then, that is, until March 22, 2022, to file his habeas

petition.

## III.  CONCLUSION

        For the reasons given above, Petitioner is not entitled to the relief he seeks.

Accordingly,

        IT IS ORDERED that Petitioner's motion to expand the time to file a habeas

corpus petition (ECF No. 1) is DENIED.

4

IT IS FURTHER ORDERED that this case is DISMISSED without prejudice.

                                                  s/Robert H. Cleland              /
                                                  ROBERT H. CLELAND
                                                UNITED STATES DISTRICT JUDGE

Dated:  August 11, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 11, 2021, by electronic and/or ordinary mail.

                                                  s/Lisa Wagner                  /
                                                  Case Manager and Deputy Clerk
                                                  (810) 292-6522

S:\Cleland\Cleland\CHD\2254\21-10840.Lumpkins.order of dismissal.bh.chd.docx